# STATE OF MICHIGAN

# COURT OF APPEALS

HARMONY MONTESSORI CENTER,

        Petitioner-Appellant,

v

CITY OF OAK PARK,

        Respondent-Appellee.

UNPUBLISHED
October 13, 2016

No. 326870
Tax Tribunal
LC No. 00-370214

Before: TALBOT, C.J., and O'CONNELL and OWENS, JJ.

O'CONNELL, J. (*dissenting*).

I respectfully dissent.

The majority opinion and the tribunal both conclude that Harmony Montessori Center (Harmony) cannot be a charitable organization because it charges its students tuition and fees for services. I respectfully disagree. The majority's conclusion is also directly contrary to *Wexford Med Group v City of Cadillac*, 474 Mich 192, 215; 713 NW2d 734 (2006). Because I conclude that Harmony is a charitable organization under MCL 211.7o, I would reverse and remand.

I agree with the majority in its statement of the standard of review and application of MCL 211.7n. My disagreement lies with its application of MCL 211.7o, the charitable institution exception.

MCL 211.7o(1) provides an exemption for property owned by a charitable institution:

> Real or personal property owned and occupied by a nonprofit charitable institution while occupied by that nonprofit charitable institution solely for the purposes for which that nonprofit charitable institution was incorporated is exempt from the collection of taxes under this act.

To qualify as a charitable institution, "it is the overall nature of the institution, as opposed to its specific activities, that should be evaluated." *Wexford*, 474 Mich at 213. The Tribunal should consider the following factors when evaluating the charitable nature of an institution:

> (1) A "charitable institution" must be a nonprofit institution.

(2) A "charitable institution" is one that is organized chiefly, if not solely, for charity.

(3) A "charitable institution" does not offer its charity on a discriminatory basis by choosing who, among the group it purports to serve, deserves the services. Rather, a "charitable institution" serves any person who needs the particular type of charity being offered.

(4) A "charitable institution" brings people's minds or hearts under the influence of education or religion; relieves people's bodies from disease, suffering, or constraint; assists people to establish themselves for life; erects or maintains public buildings or works; or otherwise lessens the burdens of government.

(5) A "charitable institution" can charge for its services as long as the charges are not more than what is needed for its successful maintenance.

(6) A "charitable institution" need not meet any monetary threshold of charity to merit the charitable institution exemption; rather, if the overall nature of the institution is charitable, it is a "charitable institution" regardless of how much money it devotes to charitable activities in a particular year. [*Id*. at 215.]

The Tribunal may not focus solely on the amount of free services an organization provides when determining whether the organization is charitable in nature. *Id*. at 213.

Most of the *Wexford* factors are not in issue because Oak Park has stipulated to them. *Harmony Montessori Ctr v City of Oak Park*, unpublished opinion per curiam of the Court of Appeals, issued February 18, 2014 (Docket No. 312856); slip op at 4. Considering only the second factor, similar to the petitioner in *Wexford*, Harmony established that it does offer reduced rates of tuition to children in financial need. The Tribunal found that such rates existed, though only a few students received them. The record does not establish that Harmony gives any preferential treatment to those students who can pay full-price tuition or discriminates in any manner against children seeking a Montessori education. See *Wexford*, 474 Mich at 216-217. And similar to the petitioner in *Wexford*, Harmony established that its costs are not *fully* subsidized by tuition. Instead, Harmony also holds fundraisers and accepts donations. See *Wexford*, 474 Mich at 217.

Under the majority's conclusion, any educational charity that collects tuition for its services is not a charity under *Wexford*, as any amount of tuition will go to partially making up financial deficits. This is directly contrary to *Wexford*, in which the Michigan Supreme Court stated that the Tribunal may not focus solely on the amount of free services an organization provides. *Id*. at 213. Instead, a charitable organization "need not meet any monetary threshold of charity to merit the charitable institution exemption" and "if the overall nature of the institution is charitable, it is a 'charitable institution' regardless of how much money it devotes to charitable activities in a particular year." *Id*. at 215.

In this case, Harmony is a nonprofit organization that provides nondiscriminatory educational services to children and does not charge more than it needs for its successful

maintenance.  I would conclude that the Tribunal in this case adopted a wrong principle when it based its decision regarding Harmony's charitable nature solely on the fact that Harmony charges tuition and fees.

I would reverse the decision of the tribunal.

/s/ Peter D. O'Connell